728 A.2d 316

STATE OF NEW JERSEY, (E.L.), PLAINTIFF–RESPONDENT,
v. G.P.N. DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 30, 1999—Decided May 13, 1999.

 

Before Judges LONG, KESTIN and CARCHMAN.

*Cillick & Sprague*, attorneys for appellant (*Michael J. Sprague*, on the brief).

*William H. Schmidt*, Bergen County Prosecutor, attorney for respondent (*John J. Scaliti*, Assistant Prosecutor, of counsel).

The opinion of the court was delivered by

CARCHMAN, J.A.D.

Defendant, G.P.N., applied for and received a firearms purchaser identification card (permit) in 1981. His application disclosed a Vermont conviction for "possession of a regulated drug." No mention was made of a drug conviction in New York.

A domestic violence complaint filed by defendant's former wife resulted in the issuance of a temporary restraining order (TRO) and the confiscation of defendant's guns from his office and home. After dismissal of the complaint and the restraining order, the

State moved for seizure of the weapons and revocation of defendant's permit. The trial court granted the State's relief. Defendant appeals, and we affirm. We conclude that the nature of both the omission and the New York offense disqualifies defendant from holding a permit.

We briefly recite the relevant facts. Defendant was convicted in 1971 in Vermont for possession of a regulated drug (the Vermont conviction). He was also convicted in 1971 in the Dover Township (N.J.) Municipal Court of malicious damage to property and being under the influence of alcohol, both disorderly persons violations (the New Jersey convictions). Finally in 1972, defendant was convicted in New York of criminal possession of dangerous drugs (the New York conviction).

In 1978, defendant first applied for a permit. His application revealed the Vermont conviction but made no mention of the New Jersey or New York convictions. The Ramsey police discovered the New Jersey convictions and denied defendant's application based on both the New Jersey and Vermont convictions. Defendant then successfully expunged the New Jersey convictions and reapplied for the permit revealing only the Vermont conviction; again, no mention was made of the New York conviction.[1] The permit was approved.

On October 5, 1995, defendant was charged with violation of the Prevention of Domestic Violence Act, *N.J.S.A.* 2C:25–17 to –33 (PDVA), and a TRO was issued. Defendant was restrained from possessing firearms, and the police were ordered to seize them.[2] After seizure on October 6, 1995, the State moved on December

---

[1] The record reflects that permit applications were also filed in 1982 and 1990. Neither application revealed the New York conviction and both failed to reveal the earlier application denial, a violation of *N.J.S.A.* 2C:58–3c(3). We do not rely upon these additional violations of the permit statute in reaching our decision.

[2] Defendant initially denied owning any handguns. When confronted with the information that he had secured permits for three handguns, defendant surrendered the handguns.

13, 1995, to revoke the permit and forfeit title to the weapons. *N.J.S.A.* 2C:25–21. Following a bench trial, the trial judge granted the State's request for relief concluding that the New York conviction was a crime which barred issuance of the permit.[3] This appeal followed.

On appeal, defendant argues that the trial court erred in revoking defendant's permits based on its consideration of the New York conviction and its application of *N.J.S.A.* 2C:39–7. Defendant also argues that the State did not move for forfeiture in a timely manner.

We first focus our attention on the New York conviction. The permit statute, *N.J.S.A.* 2C:58–3c(1), precludes anyone who has been convicted of a *crime* from acquiring a firearm or a firearms purchaser identification card.

When determining whether an offense is treated as a crime or petty wrong, the "surest index is the consequences which may flow from a conviction." *State v. Owens,* 54 *N.J.* 153, 159–60, 254 *A.*2d 97 (1969) (citing *Frank v. United States,* 395 *U.S.* 147, 89 *S.Ct.* 1503, 23 *L.Ed.*2d 162 (1969)), *cert. denied,* 396 *U.S.* 1021, 90 *S.Ct.* 593, 24 *L.Ed.*2d 514 (1970). The Court in *Owens* held that "the severity of the authorized punishment is the only reliable test." *Id.* at 160, 254 *A.*2d 97. A conviction in another jurisdiction is a "conviction [for] a crime" where a sentence of imprisonment in excess of six months *is authorized* under the law of the other jurisdiction. *N.J.S.A.* 2C:44–4c; *cf. State v. Kirk,* 145 *N.J.* 159, 172, 678 *A.*2d 233 (1996) (noting conviction in other jurisdiction need not involve actual incarceration for purposes of extended sentence pursuant to *N.J.S.A.* 2C:43–6f).

We find *N.J.S.A.* 2C:44–4c dispositive here. Defendant was convicted for violating N.Y. Penal Law § 220.05, criminal possession of a dangerous drug in the sixth degree, a class A

---

[3] The original application was not heard. The application was refiled on September 8, 1997, and considered by the trial court.

misdemeanor. 1969 N.Y. Laws c. 788, § 1.[4] Class A misdemeanors are punishable by sentences of imprisonment not exceeding one year. N.Y. Penal Law § 70.15 (McKinney 1999). As such, defendant's New York conviction constitutes a "crime" under the permit statute, and *N.J.S.A.* 2C:39–7 prohibits defendant from possessing the weapons.

Defendant contends that his New York conviction should not bar his use, possession, ownership or control of firearms because the subsequent 1987 amendment to *N.J.S.A.* 2C:39–7, which excludes persons convicted of disorderly and petty disorderly persons drug offenses from the class of persons prohibited from possessing weapons, evidences a legislative intent that minor drug offenses should not affect gun ownership. This argument is without merit. *N.J.S.A.* 2C:39–7 is a criminal statute. Defendant was not charged under that section, which criminalizes the possession of weapons by certain persons, and that statute is not implicated in defining defendant's rights in this forfeiture action. *N.J.S.A.* 2C:58–3c(1) simply disqualifies persons who have been convicted of a crime from acquiring a firearm. It is the definition of a crime which ultimately controls defendant's right to secure a permit. Despite defendant's argument, defendant's New York conviction constitutes a crime for the purposes of the permit statute.

Defendant also contends that the State's forfeiture application is barred since it failed to file its petition within forty-five days of the seizure as, he argues, is required by the PDVA, *N.J.S.A.* 2C:25–21. We disagree. That statute does not address eligibility to possess a weapon or a permit; it deals only with the disposition of seized weapons after the specified period of time.

---

[4] Section 220.05 was repealed by 1973 N.Y. Laws c. 276, § 18, and is now covered by N.Y. Penal Law § 220.03 (McKinney 1999), criminal possession of a controlled substance in the seventh degree, also a class A misdemeanor.

The permit statute explicitly provides that a permit is void at such time the holder becomes subject to any of the disabilities enumerated in *N.J.S.A.* 2C:58–3c. *N.J.S.A.* 2C:58–3f. Pursuant to this section, a permit may be revoked, after hearing upon notice, *at any time* upon a finding that the holder no longer qualifies for the permit. *Ibid.* The PDVA does not create a time-bar precluding the State from enforcing the provisions of the permit statute, and the forfeiture was therefore proper. *See In re J.W.D.,* 149 *N.J.* 108, 114–16, 693 *A.*2d 92 (1997) (reading the permit statute *in pari materia* with the PDVA to authorize the prosecutor to retain seized weapons after the domestic violence complaint is dismissed where the court finds defendant is a "threat to the 'public in general or a person in particular' " even though *N.J.S.A.* 2C:25–21d does not so provide); *State v. Cunningham,* 186 *N.J.Super.* 502, 511, 453 *A.*2d 239 (App.Div.1982) (holding that after police lawfully seize a firearm, returning it "to its owner at a time when the owner would be disqualified from obtaining a permit to acquire the firearm constitutes a transfer that is prohibited by the statute"). The forty-five day provision does not bar the State's action.

Affirmed.